## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN CARLOS RODRIGUEZ | : | |
| 444 West Oak Avenue | : | CIVIL ACTION |
| Robesonia, PA 19551 | : | |
| | : | CASE NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PEPPERIDGE FARM, INC. d/b/a | : | |
| CAMPBELL SNACKS | : | |
| 1 Campbell Place | : | |
| Camden, NJ 08103 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Juan Carlos Rodriguez (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Pepperidge Farm, Inc. d/b/a Campbell Snacks (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      Plaintiff resides in and is a citizen of Pennsylvania.

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

3.      Upon information and belief, Pepperidge Farm, Inc. d/b/a Campbell Snacks is incorporated under the laws of Connecticut with headquarters and/or principal place(s) of business in the same and New Jersey, rendering it a citizen of Connecticut and New Jersey.

4.      This Court, in accordance with 28 U.S.C. § 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Pennsylvania, and Defendant is a citizen of Connecticut and New Jersey, and the amount in controversy exceeds $75,000.

5.      This action is also being initiated pursuant to federal laws (ADA and FMLA) and therefore, the United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

6.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

7.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

8.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

2

**PARTIES**

9.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

10.      Plaintiff is an adult who resides at the above-captioned address.

11.      Pepperidge Farm, Inc. d/b/a Campbell Snacks, a subsidiary of Campbell Soup, is a corporation that operates in the commercial bakery and snack food industry, with a principal place of business at the above-captioned address.

12.      At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

13.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

14.      Plaintiff was employed by Defendant for almost 9 years, from on or about May 16, 2016, until his unlawful termination (discussed further *infra*) on or about February 26, 2024.

15.      During his employment with Defendant, Plaintiff held the position of General Baker Helper ("GBH"), for Defendant's 2195 North Reading Road, Denver PA 17517 location.

16.      Plaintiff was primarily supervised by Manager, Perry Burkert (hereinafter "Burkert").

17.      Throughout Plaintiff's employment with Defendant, he was a hard-working employee who performed his job well.

18.      Plaintiff has and continues to suffer from several ADA-qualifying disabilities, including but not limited to anxiety and depression (and associated complications/conditions).

19.      As a result of his aforesaid health conditions, Plaintiff suffers from panic, feelings of hopelessness, and sleeplessness, which (at times) limits his ability to perform some daily life activities, such as sleeping, focusing, and working (among other daily life activities).

20.    Despite his aforesaid health conditions and limitations, Plaintiff was able to perform his job duties well; however, Plaintiff (at times) required some reasonable medical accommodations.

21.    At all relevant times hereto, Defendant's management was aware of Plaintiff's health conditions and need for reasonable medical accommodations because as early as 2017, Plaintiff suffered a flare-up of his anxiety at work, which required his wife to take him to the hospital, and he required a brief 3-day medical leave (a reasonable accommodation under the ADA).

22.    Beginning in or about July of 2023, Plaintiff also actively began to use intermittent FMLA leave to care for and treat flare-ups of his aforesaid medical conditions as needed.

23.    In or about December of 2023, Plaintiff experienced a flare-up of his aforesaid serious health conditions, and when calling out to take a day off from work, he was informed for the first time by Defendant's third-party leave carrier, the Hartford, that his FMLA claim had expired and needed to be renewed.

24.    Plaintiff then took FMLA paperwork to his primary doctor, who informed him that Plaintiff would need to have his psychiatrist complete the paperwork, as Plaintiff was also in the process of being diagnosed with ADHD.

25.    Plaintiff was able to obtain an appointment with his psychiatrist on or about February 13, 2024, at which time, Plaintiff's doctor informed him that she would complete the recertification paperwork with him.

26.    Plaintiff at all times kept Hartford and Defendant's management advised of the process and timeline to have his certification completed.

4

27.    Plaintiff was advised that once his certification was completed, any of the days that Plaintiff had taken off in December through February would be covered retroactively and were currently pending.

28.    Upon Plaintiff's information and belief, his doctor completed the paperwork with him on February 13, 2024, and sent the documentation to the Hartford, and Plaintiff continued working and performing his job well.

29.    However, on or about February 26, 2024, Defendant's HR department informed Plaintiff that he had been terminated because his FMLA paperwork had not been received by the Hartford, and his absences were therefore unexcused and a violation of Defendant's points/attendance policy.

30.    Specifically, Defendant's management informed Plaintiff that he had been issued points for these "unapproved" FMLA absences as well as for several absences in the year prior, before completing intermittent FMLA paperwork – despite that management was aware that such absences were for ADA-qualifying disabilities, were brief and intermittent in nature, for which Plaintiff had provided doctor notes, and constituted a reasonable accommodation under the ADA.[2]

---

[2]29 C.F.R. § 825.702(a) states:

(a) Nothing in FMLA modifies or affects any Federal or State law prohibiting discrimination on the basis of race, religion, color, national origin, sex, age, **or disability** (*e.g.,* Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act) . . . The purpose of the FMLA is to make leave available to eligible employees and employers within its coverage, and not to limit already existing rights and protection." S. Rep. No. 103-3, at 38 (1993). **An employer must therefore provide leave under whichever statutory provision provides the greater rights to employees. When an employer violates both FMLA and a discrimination law, an employee may be able to recover under either or both statutes (double relief may not be awarded for the same loss; when remedies coincide, a claimant may be allowed to utilize whichever avenue of relief is desired.** *Laffey* v. *Northwest Airlines, Inc.,* 567 F.2d 429, 445 (D.C. Cir. 1976), *cert. denied,* 434 U.S. 1086 (1978) (emphasis added); *see also Sharbaugh,* 2016 WL 6834613, at *16-17 (holding that less than eight months of leave, five of which occurred after exhaustion of FMLA, could constitute a reasonable accommodation under the ADA); *E.E.O.C. v. Midwest Indep. Transmission Sys. Operator, Inc.,* No. 1:11-CV-1703-WTL-DML, 2013 WL 2389856, at *3-5 (S.D. Ind. May 30, 2013) (denying summary judgment for defendant with employee who requested accommodation of two months additional leave after FMLA had exhausted, for a total of five months of medical leave).

31.    Instead of properly accommodating Plaintiff by engaging in the interactive process, informing Plaintiff that the paperwork had not been received by his doctor, and/or allowing him to reach out to his doctor to address the issues or resend the paperwork, Defendant abruptly terminated Plaintiff, with Defendant's Human Resources ("HR") department advising him only "you know our attendance policy."

32.    Defendant's blanket points policy for all unscheduled absences, regardless of whether they are for medical reasons and/or as a result of ADA-qualifying disabilities, is *per se* unlawful.

33.    Plaintiff believes and therefore avers that he was subjected to discrimination and retaliation because of (1) his actual/perceived/record of disabilities; (2) his requested reasonable medical accommodations (*i.e.*, intermittent medical leave); and (3) Defendant's failure to properly accommodate him (set forth *supra*).

34.    Plaintiff also believes and therefore avers that his disabilities were a motivating and determinative factor in the termination of his employment by Defendant.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

35.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.    Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including but not limited to sleeping, concentrating, and working (among other daily life activities).

37.    Plaintiff kept Defendant's management informed of his serious medical conditions and need for medical treatment and other accommodations.

6

38.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

39.     Plaintiff requested reasonable accommodations from Defendant on several occasions throughout his employment with Defendant, including but not limited to intermittent and/or block medical leave.

40.     Plaintiff was terminated from his employment with Defendant on or about February 26, 2024, in close proximity to his requests for/utilization of reasonable medical accommodations (*i.e.*, intermittent and/or block medical leave).

41.     Prior to Plaintiff's termination, Defendant failed to properly engage in the interactive process by informing Plaintiff that his medical leave paperwork had not been received by his doctor, and/or allow him to reach out to his doctor to address the issues or resend the paperwork.   Instead, Defendant abruptly terminated Plaintiff.

42.     Plaintiff believes and therefore avers that he was subjected to discrimination and retaliation because of (1) his actual/perceived/record of disabilities; (2) his requested reasonable medical accommodations (*i.e.*, intermittent medical leave); and (3) Defendant's failure to properly accommodate him (set forth *supra*).

43.     Plaintiff also believes and therefore avers that his disabilities were a motivating and determinative factor in the termination of his employment by Defendant.

44.     These actions aforesaid constitute violations of the ADA.

### COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)

45.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

47.     Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

48.     Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

49.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

50.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

51.     Plaintiff was terminated in close proximity to his requests for/utilization of intermittent FMLA-qualifying leave.

52.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; and (4) engaging in conduct which discouraged Plaintiff from exercising his FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave.

53.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded liquidated and/or other damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____

Ari R. Karpf, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
Dated:  December 9, 2024              (215) 639-0801

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Juan Carlos Rodriguez | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Pepperidge Farm, Inc. d/b/a Campbell Snacks | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus — Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security — Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                     ( )

(c) Arbitration — Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos — Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             ( )

(e) Special Management — Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                ( )

(f) Standard Management — Cases that do not fall into any one of the other tracks.     (x )

| | | |
|---|---|---|
| 12/10/2024 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:***   Case Number:_____   Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Wage and Hour Class Action/Collective Action
☐ 6.   Patent
☐ 7.   Copyright/Trademark
☐ 8.   Employment
☐ 9.   Labor-Management Relations
☒ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

☐ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury (*Please specify*):_____
☐ 7.   Products Liability
☐ 8.   All Other Diversity Cases: *(Please specify)*
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ X   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RODRIGUEZ, JUAN CARLOS

**DEFENDANTS**

PEPPERIDGE FARM, INC. D/B/A CAMPBELL SNACKS

**(b)** County of Residence of First Listed Plaintiff    Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Camden
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [X] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 720 Labor/Management | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | Relations | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | Leave Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | [ ] 791 Employee Retirement | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | Income Security Act | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [X] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2611)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
12/10/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____